Kurt HUY PHAM, Plaintiff–Appellant,

v.

FINANCIAL INDUSTRY REGULA-
TORY AUTHORITY, INC.; et
al., Defendants–Appellees.

No. 13–15756.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 9, 2014.*

Filed Dec. 18, 2014.

Kurt Huy Pham, pro se.

Ethan Douglas Dettmer, Esquire, Gib-
son, Dunn & Crutcher LLP, Walter J.R.
Traver, Musick, Peeler & Garrett LLP,
San Francisco, CA, Melinda Hardy, Assis-
tant General Counsel, Securities and Ex-
change Commission, Washington, DC, for
Defendants–Appellees.

Before: WALLACE, LEAVY, and
BYBEE, Circuit Judges.

MEMORANDUM **

Kurt Huy Pham appeals pro se from the
district court's judgment dismissing his ac-
tion seeking to vacate an arbitration award
against him in a securities action. We
have jurisdiction under 28 U.S.C. § 1291.
We review de novo the district court's
dismissal under Fed.R.Civ.P. 12(b)(6) for
failure to state a claim. *Hebbe v. Pliler,*

627 F.3d 338, 341 (9th Cir.2010). We af-
firm.

The district court properly dismissed
Pham's action because Pham did not time-
ly serve his petition to vacate the arbitra-
tion award. *See* Cal.Civ.Proc.Code § 1288
("A petition to vacate an award or to cor-
rect an award shall be served and filed not
later than 100 days after the date of the
service of a signed copy of the award on
the petitioner."). Contrary to Pham's con-
tentions, Pham was not entitled to tolling
because he did not voluntarily pursue in-
ternal remedies, and did not show that he
was sufficiently incapacitated for tolling to
apply. *See McDonald v. Antelope Valley
Cmty. Coll. Dist.,* 45 Cal.4th 88, 84 Cal.
Rptr.3d 734, 194 P.3d 1026, 1032–34 (2008)
(concluding that equitable tolling applies to
the voluntary pursuit of internal reme-
dies); *Tzolov v. Int'l Jet Leasing, Inc.,* 232
Cal.App.3d 117, 283 Cal.Rptr. 314, 315
(1991) (tolling statute of limitations where
an "individual has been injured so severely
as to be rendered incapable of caring for
[his or her] property or transacting busi-
ness, or understanding the nature or ef-
fects of [his or her] acts" (citations and
internal quotation marks omitted)).

We reject Pham's contentions regarding
the merits of his motions for reconsidera-
tion and for a new trial.

We do not consider matters not specifi-
cally and distinctly raised and argued in
the opening brief, or arguments and alle-
gations raised for the first time on appeal.
*See Padgett v. Wright,* 587 F.3d 983, 985 n.
2 (9th Cir.2009) (per curiam).

**AFFIRMED.**

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.